Stanley Boya VICKERS, a Minor, by Thomas Lee Vickers and Lattice Vickers, his parents and next friends, Plaintiffs,

v.

CHAPEL HILL CITY BOARD OF EDUCATION, Defendant.

No. C–11–D–60.

United States District Court
M. D. North Carolina,
Durham Division.

Aug. 4, 1961.

Conrad O. Pearson and William A. Marsh, Jr., Durham, N. C., and Jack Greenberg, New York City, for plaintiffs.

John Q. LeGrand, Chapel Hill, N. C., and Thomas F. Ellis, Raleigh, N. C., for defendant.

EDWIN M. STANLEY, Chief Judge.

This action was commenced by plaintiffs, members of the Negro race, on February 2, 1960, to have declared the right of the minor plaintiff, and the class of persons he represents, to attend the public schools of Chapel Hill and Carrboro, North Carolina, without discrimination on account of race or color, and for injunctive relief. Named defendants, in addition to the Chapel Hill City Board of Education, were the individual members of the Board and the Superintendent of the Chapel Hill Schools. Upon motion of the defendants, the action was dismissed as to the individual members of the School Board and the Superintendent since it was concluded that the plaintiffs, if they prevail in this action, are entitled to obtain complete relief against the Chapel Hill City Board of Education.

The case was tried before the court on October 5, 1960, following which the parties were given a specified time within which to file proposed findings of fact, conclusions of law, and briefs, after which oral arguments would be heard.

The requests for findings of fact, conclusions of law, and briefs of the parties having been received, the court, after considering the pleadings and evidence, including exhibits, answers to interrogatories and stipulations filed, and briefs and oral arguments of the parties, now makes and files herein its Findings of Fact and Conclusions of Law, separately stated:

Findings of Fact

1. The plaintiffs are members of the Negro race and are citizens and residents of Carrboro, North Carolina, a town adjacent to Chapel Hill, North Carolina. The Carrboro Public Schools are within the Chapel Hill School Administrative Unit.

2. The minor plaintiff possesses all the qualifications necessary for admission to the public schools within the Chapel Hill School Administrative Unit. The adult plaintiffs are parents and next friends of the minor plaintiff.

3. The defendant Board, a body corporate, maintains and generally supervises the operation of the public schools in the Chapel Hill School Administrative Unit, and possesses such powers as are conferred by Chapter 115 of the General Statutes of North Carolina.

4. During the 1959–1960 school term, the defendant Board operated six schools which were attended solely by white students, and two schools which were attended solely by Negro students.

5. At the end of the 1958–1959 school term, the minor plaintiff, then being ten years of age, completed the fifth grade of Northside Elementary School and was assigned to the same school for the 1959–1960 school term. Northside Elementary School is a school attended solely by Negro students.

6. On June 23, 1959, following his initial assignment to the Northside Elementary School for the 1959–1960 school term, the minor plaintiff, through his parents, timely filed a written application for transfer to the Carrboro Elementary School, a school attended solely by white students. This was the only application filed by a Negro student for reassignment to another school for the 1959–1960 school term, and was only the second such application that had ever been filed with the defendant Board. There were approximately 1,100 Negro students attending the Chapel Hill public schools during the 1959–1960 school term.

7. The reasons given as to why reassignment to the Carrboro Elementary School was desired were that Carrboro Elementary School was nearer the residence of the plaintiffs, and that there was a stigma attached to segregated education which affected the "learning" of the minor plaintiff.

8. The actual distance from the home of the plaintiffs to the Northside Elementary School was approximately one mile, measured by the best available route, and about one and one-half miles by the school bus route, whereas the distance to the Carrboro Elementary School was approximately one-half mile. However, the distance from the home of the plaintiffs to the school bus serving the Northside Elementary School was approximately three blocks, which was considerably nearer their home than the Carrboro Elementary School.

9. Many white children of the same grade level as the minor plaintiff, and living near his home, were initially assigned to and did attend the Carrboro Elementary School for the 1959–1960 school term.

10. The application for reassignment to the Carrboro Elementary School was denied by the defendant Board on August 3, 1959, and the minor plaintiff thereafter, through his parents, made timely application for a hearing before the defendant Board.

11. The requested hearing was granted and the plaintiffs were duly notified that the hearing would be conducted on August 31, 1959. Present at the hearing were members of the defendant Board, the minor plaintiff and his parents, and C. O. Pearson, Esquire, representing the plaintiffs. At the opening of the hearing, the Chairman of the defendant Board outlined the procedure to be followed and stated that the Board was ready to hear testimony in support of the application of the minor plaintiff for reassignment. Mr. Pearson, as counsel for the plaintiffs, read a statement outlining the relative distance from the home of the plaintiffs to the Northside Elementary School and the Carrboro Elementary School, and protested to the fact that no steps had been taken to desegregate the public schools in the Chapel Hill School Administrative Unit. No other testimony was offered.

12. Following the hearing, the defendant Board, by a divided vote, again

denied the application for reassignment, and gave the following as its reasons for the action taken:

"In the absence of any evidence or testimony on behalf of the applicant in support of the request for reassignment, and the Board having heretofore ascertained that the applicant, Stanley Boya Vickers, has been attending Northside Elementary School for five years and completed the fifth grade in said school, which is a good elementary school, with facilities, teaching staff and curricula comparable to other elementary schools in the Chapel Hill school district, and that said minor applicant has made satisfactory educational progress, and it not having been made to appear that the reassignment requested will be for the best interest of the child, it is hereupon determined that the request for reassignment be denied."

13. Dr. J. Kempton Jones, Chairman of the defendant Board, stated that in his opinion if the minor plaintiff had been a white student, he would have been assigned to the Carrboro Elementary School for the 1959–1960 school term. Another Board member stated that there could be no dispute about the fact that white children living in the immediate area of the plaintiffs were assigned initially to the Carrboro Elementary School for the 1959–1960 school term, without regard to any qualifications other than being white. Still another Board member stated that he did not personally know of any basis other than race on which the application of the minor plaintiff for a transfer could have been denied.

14. On August 3, 1959, the defendant Board adopted the following policy with respect to the reassignment of first grade students, beginning with the 1960–1961 school year:

"The stated policy of this Board is to ordinarily grant the request for reassignment of prospective 1st graders to a school in closer geographic proximity to their place of residence than the school to which they might have been assigned. Such requests for reassignment and all other requests for reassignment based on other factors will be processed by the Chapel Hill City Board of Education in accordance with applicable statutes of the State of North Carolina, to wit., G.S. 115–178 and related laws."

15. This action was commenced on February 2, 1960, alleging that the application for reassignment was denied solely on the basis of race, and asking that the court declare the right of the minor plaintiff, and the class of persons he represents, to attend the public schools of Chapel Hill and Carrboro, North Carolina, without discrimination on account of race or color, and for injunctive relief.

16. In July, 1959, the defendant Board, in accordance with the policy adopted in January, 1958, put into effect a program known as the "6–3–3 program," which provided for elementary schools of six grades, junior high schools of three grades, and senior high schools of three grades. In accordance with this program, the seventh grade at Carrboro Elementary School was eliminated, beginning with the 1960–1961 school term.

17. The minor plaintiff made satisfactory progress and received effective instruction at the Northside Elementary School, and completed the sixth and last grade of that school in June of 1960.

18. In April, 1960, it was brought to the attention of the court that Carrboro Elementary School, the school to which the minor plaintiff had requested reassignment, would only have six grades beginning with the opening of school in September, 1960, and thereafter, and for this reason the minor plaintiff, who would satisfactorily complete the sixth grade at Northside Elementary School on June 8, 1960, would be ineligible to attend the Carrboro Elementary School during the 1960–1961 school term. Under these circumstances, it was agreed that the minor plaintiff, if dissatisfied with his 1960–1961 assignment, would timely file application for reassignment to another school, and if still dissatisfied

with the final action of the defendant Board, would file a supplemental complaint setting forth the facts with respect thereto.

19. For the 1960–1961 school term, the minor plaintiff was initially assigned to Lincoln Junior-Senior High School, a school attended solely by Negro students.

20. At the time initial assignments were made, there were white children of the same grade level living near the minor plaintiff who were assigned to the Chapel Hill Junior High School for the 1960–1961 school term.

21. On June 14, 1960, the minor plaintiff made timely application for transfer from the Lincoln Junior-Senior High School to the Chapel Hill Junior High School, a school attended solely by white children. The application, signed by the minor plaintiff's mother, specified that the transfer was desired because Chapel Hill Junior High School was exclusively a junior high school, whereas Lincoln Junior-Senior High School was a junior and senior high school combined, and because she was opposed to assignment based upon race.

22. The application for reassignment to the Chapel Hill Junior High School was denied by the defendant Board on June 27, 1960, following which a hearing was requested. The defendant Board granted the request and scheduled the hearing for July 22, 1960. The plaintiffs were duly notified of the date and place of the hearing.

23. Present at the hearing, in addition to the members of the defendant Board, were Mrs. Lattice Vickers, mother of the minor plaintiff, and C. O. Pearson, Esquire, and William A. Marsh, Jr., Esquire, counsel for the plaintiffs. At the opening of the hearing, the Chairman of the defendant Board outlined the procedure to be followed, and stated the Board was ready to hear testimony in support of the application. Mr. Pearson read a memorandum outlining the reasons why he felt the application should be granted, and asked the Board members if there were any questions they desired to ask Mrs. Vickers. After establishing the fact that the plaintiffs then lived nearer the Lincoln Junior-Senior High School than the Chapel Hill Junior High School, the meeting adjourned.

24. The defendant Board thereafter met in executive session and, by a three to one vote, the Chairman abstaining, denied the request for reassignment, and gave the following as its reason for the action taken:

"In the absence of any evidence or testimony on behalf of the applicant pertinent to the request for reassignment and it not having been made to appear that the reassignment requested will be for the best interest of the child, and the Board being of the opinion that the reassignment requested would not be for the best interest of the child, it is hereupon determined that the request for reassignment is denied."

25. The Chairman of the defendant Board testified that, in his opinion, had the minor plaintiff been a white child, he would have been assigned to the Chapel Hill Junior High School for the 1960–1961 school term. One of the other Board members testified that he was of the opinion that race was a factor in denying the application for reassignment.

26. In accordance with the policy adopted by the defendant Board on August 3, 1959, all first grade Negro students requesting transfer to another school for the 1960–1961 school term were assigned to the school of their choice. This resulted in some first grade Negro students being assigned to schools formerly attended solely by white students.

27. At the time he filed application for transfer from the Lincoln Junior-Senior High School to Chapel Hill Junior High School for the 1960–1961 school term, the minor plaintiff lived nearer Lincoln Junior-Senior High School than Chapel Hill Junior High School, the former being about one-half mile from his home and the latter being about one mile.

28. Following the final denial of minor plaintiff's application for reassignment to the Chapel Hill Junior High School, the plaintiffs, after having first obtained leave of court, filed a supplemental complaint alleging that the reassignment of the minor plaintiff was denied solely on account of race, and praying for injunctive relief.

## Discussion

The questions for decision are (1) whether the plaintiffs exhausted their administrative remedies under the North Carolina Assignment and Enrollment of Pupils Act,[1] and (2) whether the minor plaintiff was refused reassignment to the Chapel Hill Junior High School because of his race.

■ With respect to the first question, it is conceded that the plaintiffs properly filed written applications for reassignment, and proper written requests for Board hearings, in 1959 and 1960. It is further conceded that the applications and requests were filed within the times prescribed by Section 115–178, General Statutes of North Carolina. The only contention made by the defendant is that there was no adequate compliance with this statute, and consequently no adequate exhaustion of administrative remedies, since the plaintiffs failed to swear witnesses and present testimony at the hearings. In making this argument, the defendant relies principally upon Holt v. Raleigh City Board of Education, D.C. E.D.N.C.1958, 164 F.Supp. 853, affirmed 1959, 4 Cir., 265 F.2d 95; certiorari denied 1959, 361 U.S. 818, 80 S.Ct. 59, 4 L.Ed.2d 63. There is no merit to this contention. The Holt case only holds that applicants for reassignment are delinquent in failing to attend Board hearings for the purpose of being interrogated and furnishing all relevant information in their possession. The minor plaintiff and both of his parents attended the Board hearing in 1959, and the mother of the minor plaintiff attended the hearing in 1960. Additionally, at the 1960 hearing, Mrs. Vickers was tendered to the defendant Board for any questions the members might care to ask her. The written applications were full and complete, and it is reasonable to assume that the Board had all the information desired to enable it to make its decision. The only valid criticism to be offered is the failure of the plaintiffs in their 1960 application to give the relative distances from their home to the schools involved, but this is not sufficient, particularly when viewed in light of the experience of the plaintiffs before the defendant Board in 1959, to hold an inadequate exhaustion of administrative remedies. It is concluded that the plaintiffs have clearly established an exhaustion of their remedies provided by state law before applying to the court for relief.

■ The evidence further establishes that the minor plaintiff was denied reassignment to the Chapel Hill Junior High School because of his race. He had every right to be reassigned to the Carrboro Elementary School for the 1959–1960 school term. He lived much nearer the Carrboro Elementary School than the school to which assigned. Many white children of the same grade level living in his area where assigned to the Carrboro Elementary School, and the Chairman and two of the members of the Board testified that they were of the opinion that race was a factor in denying the application. If the minor plaintiff had been accorded his constitutional rights in 1959, he undoubtedly would have been transferred to the Chapel Hill Junior High School for the 1960–1961 school term.

Residence is an important factor present in 1959, but not present in 1960. The minor plaintiff lived much nearer the Carrboro Elementary School than the school to which assigned for the 1959–1960 school term, but lived nearer the Lincoln Junior-Senior High School than the school to which reassignment was sought for the 1960–1961 school term. However, it was stipulated that white

1. Section 115–176 through 115–179, General Statutes of North Carolina.

children of the same grade level living near the plaintiffs were assigned to the Chapel Hill Junior High School for the 1960–1961 school term, and the Chairman and another member of the Board testified that they were of the opinion that the minor plaintiff would have been assigned to the Chapel Hill Junior High School had he been a white child. The testimony of other Board members was not offered. The fact that a decision was made by the defendant Board in the summer of 1959 to reassign first grade Negro students without regard to race, commencing with the 1960–1961 school term, while most commendable, is an indication that a majority of the Board members felt that it was not feasible to treat reassignment applications filed by other students in the same manner.

After considering the entire record, including the reasons assigned by the majority of the members of the defendant Board for denying the applications of the minor plaintiff for reassignment, it is concluded that the plaintiffs have established by a preponderance of the evidence that the minor plaintiff was denied reassignment to the Chapel Hill Junior High School for the 1960–1961 school term on account of his race. In reaching this conclusion, the court entertains no doubt about the absolute good faith and integrity of the members of the defendant Board, or that they based their decision on what they considered to be to the best interest of the minor plaintiff and the other students that would be affected. The Board members have undoubtedly labored under most difficult circumstances, and there is not the slightest basis for the apprehension expressed by defense counsel that if the plaintiffs prevail in this action the individual Board members will stand convicted in the eyes of the community which they serve of being "guilty of racially motivated discriminatory denial of constitutional rights." The fact that the Board members acted from the highest of motives, and based their decision on what they considered would be for the best interest of their community, does not alter the fact that the minor plaintiff has been denied substantial constitutional rights. The conclusion is inescapable that race was an important factor in the decisions made with respect to the transfer of the minor plaintiff.

Conclusions of Law

1. The court has jurisdiction of the parties and of the subject matter.

2. The plaintiffs adequately exhausted administrative remedies afforded them by state statutes before applying to the court for relief.

3. The minor plaintiff was denied reassignment to the Chapel Hill Junior High School for the 1960–1961 school term on account of his race, and is entitled to be admitted to that school for the 1961–1962 school term.

Counsel for the plaintiffs will present an appropriate decree after having first submitted same to counsel for the defendant for approval as to form.